**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Gerardo Sanchez , on behalf of himself and others similarly situated | ) | |
| | ) | Case No. 17-cv-5412 |
| Plaintiff, | ) | |
| v. | ) | |
| Aloha Tent, Inc., Metro Staff, Inc., and James John Gallagher, individually | ) | |
| | ) | Jury demanded on all counts so triable |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Gerardo Sanchez ("Plaintiff"), through his attorneys, for his Complaint against Partytime Productions, Inc., Metro Staff, Inc., and James John Gallagher, (collectively "Defendants"), states as follows:

## INTRODUCTION

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq*. ("IWPCA") (1) failure to pay overtime for all hours worked in excess of forty (40) hours in a workweek and (2) failure to pay all earned wages for all time worked at the rates agreed upon by the parties. Plaintiff also brings a charge of national origin discrimination under Title VII (42 U.S.C. §2000(e)(1) et seq.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' FLSA and Title VII claims pursuant to 28 U.S.C. §1331. Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs'

claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

**THE PARTIES**

3. At all relevant times herein, Plaintiff Gerardo Sanchez resided in and was domiciled within this judicial district.
4. At all relevant times herein, Plaintiff was employed by Defendants as an "employee" as defined by the FLSA, IMWL, IWPCA within this judicial district.
5. At all relevant times herein, Plaintiff was not exempt from the overtime provisions of the FLSA, 29 U.S.C. §207, and the IMWL, 820 ILCS 105/1 *et seq*.
6. During the course of his employment, Plaintiff worked helping set up tents and other accommodations for various special events throughout the country and driving fellow workers to and from worksites for Defendants.
7. At all relevant times herein, Defendants have been "employers" as defined in the FLSA, 29 U.S.C. §203(d) and the IMWL, 820 ILCS 105/3(c).
8. Defendants have had two or more employees, including Plaintiffs, who handle goods that moved in interstate commerce.
9. At the time of the events at issue in this case, Defendant Partytime, Inc., was a corporation organized under the laws of the State of Illinois, with its principal place of business within this judicial district.
10. Defendant Partytime Inc., is an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A).

11. At all relevant times herein, Partytime, Inc., was Plaintiff's "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq.*

12. On or about June 5, 2017 Defendant Partytime Productions, Inc. changed its name to Aloha Tent, Inc. (Aloha) – which, as the successor of Partytime Productions, Inc. is now named as a defendant in this case.

13. Defendant Metrostaff, Inc., is a corporation organized under the laws of the State of Illinois, with its principal place of business within this judicial district.

14. Defendant Metrostaff, Inc., is an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A).

15. At all relevant times herein, Metrostaff, Inc., was Plaintiff's "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq* in that Metrostaff was a staffing agency that contracted Plaintiff out to Defendant Aloha.

16. Defendant James J. Gallagher is an officer and principal shareholder of Defendant Aloha Tent, Inc. and was involved in the day to day business operation of Defendant Aloha.

17. Defendant Gallagher had the authority to hire and fire persons employed by Defendant including the Plaintiff; the authority to direct and supervise the work of Defendant Aloha's employees; the authority to sign on Defendant's checking accounts, including payroll accounts; and the authority to make decisions regarding employee compensation and capital expenditures.

18. Defendant Gallagher was Plaintiff's "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq.*

19. Defendant Gallagher resides in Niles, Illinois.

20. On or about June 21, 2016, when traveling for work in Washington State, Senior Vice President Mike Chimo discharged me because they claimed that Plaintiff refused to identify the employees who were drinking in the vehicle he was driving.

21. Plaintiff was unaware that the employees were drinking, and which ones may have been doing so.

22. Other employees who were driving and who were not from Mexico also did not identify the workers who were drinking in the vans they drove, but were not terminated.

23. Due to the actions of company officials Plaintiff was left in Washington State without a means to transport himself home and incurred substantial expense, humiliation and inconvenience from being terminated thousands of miles from home.

## COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff brings Count I of this action pursuant to 29 U.S.C. § 216(b), on behalf of herself and all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct and who file written consent to sue ("the FLSA Class").

25. The FLSA Class, of which Plaintiff is a member, and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, is composed of and defined as follows:

> All employees of Defendants employed at any time from July 7, 2013 through the present.

26. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least 20 persons.

27. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous former employees are similarly situated with regard to their wages and claims for unpaid wages and damages, are readily identifiable by Defendants, and should receive notice and an opportunity to join this lawsuit pursuant to 29 U.S.C. § 216(b).

**CLASS ACTION ALLEGATIONS**

28. Plaintiff brings Count II and Count III of this action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of themselves and other members of the Rule 23 Class defined as:

> All employees of Defendants employed at any time from July 7, 2013 through the present.

29. On information and belief, the Class is so numerous that joinder of all class members is impracticable. Plaintiff are unable to state at this time the exact size of the potential Class, but upon information and belief, aver that it consists of at least 30 persons and that most do not speak English as a first language, are not well informed of their rights under federal and state wage statutes, and have limited access to lawyers. Individual joinder is, thus, impracticable.

30. There are questions of law or fact common to the Class, including but not limited to the following:

    a. whether Defendants violated 820 ILCS 105/4a by failing to pay named Plaintiff and other members of the Class at the prescribed rate of one and one-half times the employees' regular wage rates for all overtime hours worked;

31. The claims of Plaintiff are typical of the claims of other members of the Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants and are based on the same legal theories as the claims of other Class members.

32. Plaintiff will fairly and adequately protect the interests of the Class. Their interests are not antagonistic to, but rather are in unison with, the interests of other Class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Class in this case.

33. The questions of law or fact that are common to the Class predominate over any questions affecting only individual Class members. The primary questions that will determine Defendants' liability to the Class, listed above, are common to the Class as a whole and predominate over any questions affecting only individual Class members.

34. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class members to pursue their claims individually would entail a host of separate suits and unnecessary demands on judicial resources. In contrast, certification of the claims in Counts II and III pursuant to Federal Rule of Civil Procedure 23 will enable the issues to be adjudicated for all Class members with efficiency.

**COUNT I**
**Violation of the Fair Labor Standards Act - Overtime Wages**

35. Plaintiff incorporates and re-alleges paragraphs 1 through 34 of this Complaint as though fully set forth herein.

36. This Count arises from Defendants' violation of the FLSA, 29 U.S.C. §201 *et seq.*, for their failure to pay overtime wages to Plaintiff at a rate of one and one half times his

regular hourly rate of pay for all time worked in excess of forty (40) hours in certain individual work weeks.

37. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §207.

38. During the course of his employment with Defendants, Plaintiff was directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks.

39. Pursuant to 29 U.S.C. §207, Plaintiff was entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

40. Defendants did not compensate Plaintiff at the rate of one and one half time their regular rate for all time worked in excess of forty (40) hours in individual work weeks.

41. Defendants' failure to pay Plaintiff overtime wages at a rate of one and one-half times their hourly rate of pay for all time worked in excess of forty (40) hours per week violated the FLSA, 29 U.S.C. § 207.

42. Defendants willfully violated the FLSA by refusing to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

43. Plaintiff is entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendants' failure to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. §207.

44. Plaintiff has attached Consent to Sue as Exhibit A to this Complaint.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's regular rate for all time Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiff is found to be due and owing;

C. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

D. Such other and further relief as this Court deems appropriate and just.

**COUNT II**
**Violation of the Illinois Minimum Wage Law-Overtime Wages**

45. Plaintiff incorporates and realleges paragraphs 1 through 44 of this Complaint as though fully set forth herein.

46. This Count arises from Defendants' violation of the IMWL, 820 ILCS 105/1 *et seq*., for their failure to pay overtime wages to Plaintiff at a rate of one and one half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in certain individual work weeks.

47. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the IMWL.

48. During the course of their employment with Defendant, Plaintiff was directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks.

49. Pursuant to 820 ILCS 105/4(a), Plaintiff was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

50. Defendants did not compensate Plaintiff at the rate of one and one half time their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

51. Defendants' failure to pay Plaintiff overtime wages at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks violated the maximum hour provisions of the IMWL, 820 ILCS 105/4(a).

52. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages due as provided by the IMWL;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

D. Such other and further relief as this Court deems appropriate and just.

**COUNT III**
**Violation of the Illinois Wage Payment and Collection Act – Earned Wages**

53. Plaintiffs incorporate and realleges paragraphs 1 through 52 of this Complaint as though fully set forth herein.

54. This Count arises from Defendants' failure to pay Plaintiff his earned wages for all time worked at the rate agreed to by the parties in violation of the IWPCA, 820 ILCS 115/5.

55. During the course of Plaintiff's employment by Defendants, the parties had an agreement that Defendants would compensate Plaintiff at agreed upon rates for all time worked.

56. Defendants did not compensate Plaintiff at the rate agreed to by the Parties for all time worked.

57. Pursuant to the IWPCA, Plaintiff was entitled to be paid for all time worked at the rate agreed upon by the parties.

58. Additionally, at various times Defendants made cashiers pay for shortages to their till from their wages without properly obtaining written and signed consent to do so.

59. Defendants' failure to compensate Plaintiff for all time worked at the rate agreed to by the parties and unauthorized deductions from his pay for shortages violated the IWPCA.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages due and amounts improperly deducted from wages, as provided by the IWPCA;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

C. Reasonable attorneys' fees and costs of this action as provided by the IWPCA;

D. That the Court determines the rights of the parties and direct Defendants to account for all hours owed wages owed to Plaintiff;

**COUNT IV**
**Title VII**

60. Plaintiffs incorporate and realleges paragraphs 1 through 59 of this Complaint as though fully set forth herein.

61. This Count arises from Defendants' discriminating against in his employment Plaintiff on the basis of national origin, by treating him differently than similarly situated co-workers who were not of Mexican descent, by terminating Plaintiff for the misconduct others committed while not terminating similarly situated non-Mexicans.

62. On or about June 21, 2016, when traveling for work in Washington State, Senior Vice President Mike Chimo discharged Plaintiff who was a driver for not identifying workers who were allegedly drinking alcohol in the van Plaintiff was driving.

63. Other employees who were driving and who were not from Mexico also did not identify the workers who were drinking in the vans they drove, but were not terminated.

64. Due to the actions of company officials Plaintiff was left in Washington State without a means to transport himself home and incurred substantial expense, humiliation and inconvenience from being terminated thousands of miles from home.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of any back wages due and amounts spent by Plaintiff in having to house and feed himself and to travel home;

B. Compensatory damages for the humiliation embarrassment and inconvenience suffered as a result of Defendants' discriminatory treatment;

C. Reasonable attorneys' fees and costs of this action;

Respectfully submitted,

/s/ Jorge Sanchez
One of Plaintiff's attorneys

Jorge Sanchez
Baldemar Lopez
Lopez & Sanchez LLP
77 W. Washington St., Suite 1313
Chicago, IL 60602
(312) 420-6784

Dated: July 24, 2017