*Sanchez v. Aloha Tent Inc    17C5412*

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This **CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE** ("Agreement") is made and entered into this 19th day of December, 2018, by and between the following Gerardo Sanchez, Jesus Hernandez and Miguel Ortiz, collectively referred to as "EMPLOYEES" or "EMPLOYEE" as the context may require, and Aloha, Inc., all a Illinois corporation, its parent corporations, subsidiaries, divisions, affiliate companies, their predecessors and James John Gallagher, an individual, his heirs, successors, assigns and the Plaintiffs respective stockholders, directors, officers, employees, insurers and any agents (herein collectively referred to as "EMPLOYER").

**WHEREAS**, EMPLOYEES filed a collective action against the EMPLOYER in the United States District Court for the Northern District of Illinois, captioned *Sanchez v. Aloha, Inc. et al.*, Case No. 17-cv-5412 (NDIL), seeking certain unpaid wages and other relief from the EMPLOYER;

**WHEREAS**, EMPLOYEES have employed and have been provided the benefit of the counsel of Jorge Sanchez of Lopez & Sanchez, as their attorney. EMPLOYER has employed and had the benefit of counsel of Jami M. Buzinski of Kamerlink, Stark, Powers & McNicholas, LLC as its attorney.

**WHEREAS**, the EMPLOYEES and the EMPLOYER have agreed to compromise all potential claims between and among them in order to avoid the uncertainty and expense of the litigation. This Agreement and each of its provisions in any orders of the Court relating to it shall not be offered or received in evidence in any action, proceeding or otherwise used as an admission or concession as to the merits of the Action or the liability of any nature on the part of any of the parties hereto except to enforce its terms;

NOW, THEREFORE, EMPLOYEES and the EMPLOYER in consideration of the mutual covenants set forth herein, and for other good and valuable consideration, **HEREBY AGREE AS FOLLOWS**:

1. **General Releases.** Except for breaches of this Agreement, EMPLOYEES, for and on behalf of each of them, and each of his agents, representatives, assigns, heirs, successors, executors, administrators, and estate hereby acknowledges full, final and complete satisfaction of, and hereby irrevocably waive, release and discharge EMPLOYER from any and all claims, demands, damages, charges, complaints, liabilities, obligations, debts, grievances, causes of action, and suits (referred to collectively as "Claims"), of every kind and nature, whether known or unknown, suspected or unsuspected, or fixed or contingent, that he now has, or has had, against EMPLOYER arising out of any matter whatsoever. EMPLOYEES acknowledge and agree that this general release specifically includes, but is not limited to, all claims arising under the Fair Labor Standards Act of 1938, the Illinois Minimum Wage Act, the Illinois Prevailing Wage Act, the Illinois Wage Payment and Collection Act, or any other Federal, State or Local law, statute, ordinance, decision, order, policy or regulation regulating the payment of wages, otherwise creating rights or claims for EMPLOYEES; all claims for employment discrimination; all Claims arising under or based on the common law, including, but not limited to, claims alleging breach of public policy, the implied obligation of good faith and fair dealing, or any oral or written contract, handbook, manual, policy statement or employment practice, or alleging misrepresentation, defamation, interference with contractual relations, intentional or negligent infliction of emotional distress, invasion of privacy, wrongful or retaliatory discharge, or intentional or negligent tort; all Claims arising out of or in any way related to any dealing, contact or relationship that EMPLOYEES has

2

had with the EMPLOYER; all Claims for back pay from EMPLOYER; all claims that have been or could have been filed the case currently pending before the United States District Court for the Northern District of Illinois, currently captioned as *Sanchez v. Aloha, Inc. et al.*, Case No. 17-cv-5412 (NDIL); all Claims that EMPLOYEES have filed or could have filed with any court, governmental agency or tribunal charging the EMPLOYER with any unlawful act in violation of any federal, state or local law, regulation or ordinance, or a violation of any common law, public policy, contract or equitable principle; all Claims for legal, equitable, and injunctive relief, including compensatory damages, punitive damages, and liquidated damages; and all claims for attorney's fees and costs in connection with any Claims against the EMPLOYER.

2. **Consideration for Release.** In consideration of this Agreement, the EMPLOYER agrees to pay to EMPLOYEES, a total sum of $40,000.00, which will be apportioned to EMPLOYEES, as follows:

   a) **Attorney's Fees.** A lump sum payment of $20,000.00 to the law firm of Lopez & Sanchez, LLP, EIN 81-3583765 as full, complete and final payment of any and all attorney's fees and costs in this matter. Lopez & Sanchez shall complete a W-9 and be issued a Form 1099 "Miscellaneous income" by the EMPLOYER for the $20,000.00 Said payment shall be made payable to the Law Offices of Lopez & Sanchez, LLP and delivered to the offices located at 77 W. Washington, Suite 1313, Chicago, Illinois, 60602.

   b) **Gerardo Sanchez.** Employee, Gerardo Sanchez, shall be paid a total amount of $9,000.00 as and for full and final satisfaction for any and all claims, including but not limited to, liquidated damages, statutory penalties and interest for which the EMPLOYEE shall complete a W-9 and be issued a Form 1099 by the EMPLOYER, marked as

3

"Miscellaneous" income. Said check shall be made payable to Gerardo Sanchez and delivered to the offices of Lopez & Sanchez.

c) **Jesus Hernandez.** Employee, Jesus Hernandez, shall be paid a total amount of $7,000.00 as and for full and final satisfaction for any and all claims including, but not limited to, liquidated damages, statutory penalties and interest for which the EMPLOYEE shall complete a W-9 and be issued a Form 1099 by EMPLOYER, marked as "Miscellaneous" income. Said check shall be made payable to Jesus Hernandez and delivered to the offices of Lopez & Sanchez.

**Miguel Ortiz.** Employee, Miguel Ortiz, shall be paid a total amount of $4,000.00 as and for full and final satisfaction for any and all claims, including but not limited to, liquidated damages, statutory penalties and interest for which the EMPLOYEE shall complete a W-9 and be issued a Form 1099 by EMPLOYER, marked as "Miscellaneous" income. Said check shall be made payable to Miguel Ortiz and delivered to the offices of Lopez & Sanchez.

EMPLOYEES acknowledge and agree that the items described would not have been available to EMPLOYEE had he not entered into this Agreement and that these sums constitute sufficient consideration to support this Agreement and the covenants set forth herein.

3. **Tax treatment**. EMPLOYEES acknowledge and agree that the total amount received by each EMPLOYEE was calculated as forty percent (40%) allocated as wages, forty percent (40%) as liquidated damages, and twenty percent (20%) as statutory penalties and interest. EMPLOYEES each acknowledge and agree that they are solely responsible for paying any taxes that they may owe on the amounts paid and reported on Form 1099.

4

4. **Payment Conditions.** The items described above in Paragraph 2 and its subparts shall be paid by the EMPLOYER no later than 22nd of December, 2018, provided the following has occurred: (1) The execution of this Agreement by all EMPLOYEES and delivery of this executed Agreement to EMPLOYER'S attorney, Jami M. Buzinski of Kamerlink, Stark, Powers & McNicholas, LLC, 221 N. LaSalle Street, Ste. 1800, Chicago, Illinois 60601; and (2) The completion of the attached W-9 Forms by EMPLOYEES and their attorneys. Within 7 days from the execution of this Agreement, a joint Motion for Entry of an Agreed Order Dismissing the instant lawsuit with prejudice and an Agreed Order signed by both attorneys dismissing the matter in its entirety with prejudice shall be filed with the Court.

5. **Confidentiality.** EMPLOYEES agree not to disclose the terms of this Agreement to any persons other than their respective spouses, attorneys, accountants and tax advisers, and local, state and federal taxing authorities.

6. **Non-Admission and Non-disparagement Covenants.** EMPLOYEES understand and agree that this Agreement does not constitute any admission of guilt, fault, responsibility, or liability on the part of EMPLOYER. EMPLOYEES agree to do or say nothing to damage the business or reputation of EMPLOYER. If anyone asks any EMPLOYEE any question about the lawsuit or any other question about the EMPLOYER, EMPLOYEE shall only state that all matters have been resolved between the parties.

7. **Breach of Agreement.** EMPLOYEE understands and agrees that if he or anyone on his behalf (1) initiates or prosecutes any judicial action arising out of or in any way related to any of the Claims released in this Agreement or (2) breaches any of the other provisions of this Agreement (other than filing or participating in administrative charges before the EEOC), then EMPLOYEE

shall immediately be liable for the consideration provided in Paragraph 2, and shall be liable for the payment of all costs and expenses, including attorneys' fees, incurred by EMPLOYER as a result of any such action or breach.

8. **Review of Agreement.** Without limiting the scope of this Agreement in any way, EMPLOYEE certifies that this Agreement constitutes a knowing and voluntary waiver of any and all rights or claims that exist or that EMPLOYEE has or may claim to have. EMPLOYEE acknowledges that (i) the consideration provided pursuant to this Agreement is in addition to any monies that he would otherwise be entitled to receive, that (ii) he has been and is hereby advised in writing to consult with an attorney prior to signing this Agreement, that (iii) he has been provided a full and ample opportunity to study and consider this Agreement, and that he has had sufficient time to consider this Agreement with his counsel before execution.

9. **Complete Agreement.** EMPLOYEE agrees that this Agreement constitutes the sole and entire agreement between the parties with respect to the subject matter hereof; supersedes any and all prior or contemporaneous agreements, discussions or representations, oral or written, with respect to said subject matter; and cannot be amended except by written agreement duly executed by or on behalf of each of the parties.

10. **Voluntary Assent.** EMPLOYEE acknowledges that he has carefully read and fully understands all of the provisions of this Agreement; that he knows and understands the rights he is waiving by signing this Agreement; that he is legally competent to execute this Agreement; that he intends to be legally bound by the terms of this Agreement; and that he has entered into this Agreement knowingly and voluntarily without coercion, duress or overreaching of any kind.

11. **Severability**. If any part, provision, or covenant of this Agreement is held to be unenforceable by any court, such part, provision, or covenant will be limited or eliminated to the minimum extent necessary so that this Agreement shall in all other respects remain in full force and effect and be enforceable.

12. **Governing Law**. This Agreement and any amendments hereto shall be governed by, and construed in accordance with, the laws of the State of Illinois. This Agreement shall be binding upon and inure to the benefit of EMPLOYEE and the EMPLOYER and their respective heirs, executors, successors, and representatives and agents.

(This Portion of the Page Intentionally Left Blank)

13. **Counterparts; Electronic Signatures.** This Agreement may be executed in counterparts. Facsimile and electronically transmitted signatures shall be given the same force and effect as original signatures.

**IN WITNESS WHEREOF**, the parties hereto have affixed their signatures below.

**FOR THE EMPLOYER:**

Aloha, Inc.

_____     (date)
James John Gallagher

_____     (date)

**FOR THE EMPLOYEES:**

Gerardo Sanchez

_____     12/19/2018
Jesus Hernandez                        (date)

_____     (date)
Miguel Ortiz

_____     (date)

8

13. **Counterparts; Electronic Signatures**. This Agreement may be executed in counterparts. Facsimile and electronically transmitted signatures shall be given the same force and effect as original signatures.

**IN WITNESS WHEREOF**, the parties hereto have affixed their signatures below.

**FOR THE EMPLOYER:**

Aloha, Inc.

_____ (date)
James John Gallagher

_____ (date)

**FOR THE EMPLOYEES:**

Gerardo Sanchez

_____ (date)
Jesus Hernandez

*[signature]* 12/20/18
_____ (date)
Miguel Ortiz

_____ (date)

8

13. **Counterparts; Electronic Signatures.** This Agreement may be executed in counterparts. Facsimile and electronically transmitted signatures shall be given the same force and effect as original signatures.

IN WITNESS WHEREOF, the parties hereto have affixed their signatures below.

FOR THE EMPLOYER:

Aloha, Inc.

_____ (date)
James John Gallagher

_____ (date)

FOR THE EMPLOYEES:

Gerardo Sanchez

_____ (date)
Jesus Hernandez

_____ (date)
Miguel Ortiz

*miguel A. Ortiz*        12-20-18
_____ (date)

8